## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WILLIAM MARQUEZ, individually and on behalf of all others similarly situated,

        Plaintiff,

        v.

LIFE IMAGING FLA, INC.,

        Defendant.

Case No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff William Marquez ("Plaintiff"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Life Imaging FLA, Inc. ("Defendant") and, based upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and upon information and belief through the investigation of Plaintiff's counsel as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This putative class action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*., and the Federal Communications Commission's implementing regulations, and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

2. As alleged herein, Defendant violated the TCPA and the FTSA by placing calls to Plaintiff and the Class (defined below) using an artificial or prerecorded voice without prior express written consent.

3.　　　As further alleged, Defendant also violated the TCPA and the FTSA by continuing to place telemarketing calls to Plaintiff and the Class, even after they had requested to not receive further communications.

4.　　　As further alleged, Defendant also violated the FTSA by placing such calls using an automated system for the selection or dialing of telephone numbers.

5.　　　Through this action, Plaintiff seeks injunctive relief to end Defendant's ongoing and future violations of the TCPA and the FTSA. Plaintiff also seeks an award of statutory damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

6.　　　This Court has federal question subject matter jurisdiction over Plaintiff's federal TCPA claims pursuant to 28 U.S.C. § 1331.

7.　　　This Court has supplemental jurisdiction over Plaintiff's FTSA claims pursuant to 28 U.S.C. § 1367, as the FTSA claims form part of the same case or controversy as Plaintiff's claims under the TCPA.

8.　　　This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

9.　　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## PARTIES

10.　　　Plaintiff is a natural person and, at all relevant times, was a resident of Seminole County, Florida.

11.　　　Defendant is a Delaware Corporation with its principal place of business in Deerfield Beach, Florida.

## FACTUAL ALLEGATIONS

12.     Plaintiff is the subscriber of a telephone number ending in 7781.

13.     Defendant is a medical diagnostic imaging center based in Deerfield Beach, Florida.

14.     In order to promote the sale of its products and services, Defendant places telemarketing calls to consumers using an artificial or prerecorded voice, without consent, and Defendant continues to place such calls even after consumers request to not receive further communications from Defendant. Further, upon information and belief, Defendant places such calls using an automated system for the selection or dialing of telephone numbers.

15.     Beginning on or about April 10, 2024, Defendant began bombarding Plaintiff with telemarketing calls using an artificial or prerecorded voice.

16.     Specifically, on April 10, 2024, and then again, twice on April 12, 2024, Defendant called Plaintiff from telephone number 954-834-6362, which is a number that is owned or controlled by Defendant.

17.     When Plaintiff did not answer those calls, Defendant left voicemails using an artificial or prerecorded voice. The following is a transcript of those prerecorded messages:

> Hello, this is life imaging calling to help arrange the complimentary heart scan you inquired about. Give us a call at 954-834-6362 and we will tell you all about it. Thanks and talk to you soon.

18.     When Plaintiff listened to the voicemails, he was easily able to determine that it was an artificial or prerecorded message. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODEJSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

19.     On April 12, 2024, Plaintiff called Defendant at the telephone number shown on his caller ID and identified in Defendant's voicemail and explicitly requested that Defendant stop calling Plaintiff. Defendant did not answer Plaintiff's calls, so Plaintiff left a voicemail asking Defendant to stop calling.

20.     Plaintiff attempted to call Defendant a second time to reach a live representative, but again, Defendant did not answer, so Plaintiff left a second voicemail explicitly requesting that Defendant stop calling.

21.     Defendant ignored Plaintiff's clear opt-out requests and continued to call Plaintiff.

22.     On April 12, 2024, Defendant called Plaintiff again, and when Plaintiff did not answer, a live operator left a voicemail.

23.     On June 7, 2024, Defendant called Plaintiff again and left a voicemail using artificial or prerecorded voice.

24.     On June 7, 2024, Plaintiff sent a text message to Defendant that stated, "Stop contacting me!"

25.     Defendant again ignored Plaintiff's clear opt-out request and continued to call Plaintiff and leave voicemails using an artificial or prerecorded voice, including twice on June 13, 2024, and again on June 15, 2024.

26.     Plaintiff has no existing business relationship with Defendant.

27.     Defendant's unsolicited telemarketing calls to Plaintiff constitute "telephone solicitations" under the TCPA because they were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Defendant's unsolicited calls to Plaintiff constitute "telephonic sales calls" under the FTSA because they were placed for the purpose of soliciting a sale of any consumer goods or services. Indeed, upon information and belief,

Defendant's messages falsely represent that Defendant offers "complimentary" heart scans, but in reality, this is a mere bait and switch scheme intended to deceive consumers into purchasing Defendant's goods and services.

28.     Plaintiff never provided Defendant with prior express written consent, or any consent, to receive telemarketing calls, or calls using automated dialers or a prerecorded or artificial voice.

29.     Defendant's unlawful calls caused Plaintiff and the Class members concrete injury and actual damages, including inconvenience, invasion of privacy, aggravation, annoyance, intrusion upon seclusion, wasted time, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

30.     Plaintiff brings this action individually and as a class action under Fed. R. Civ. P. 23 on behalf of the following proposed Classes:

**No TCPA Prerecorded Voice Class: All persons within the United States who, within the four years prior to the filing of this lawsuit and the date of class certification, (1) received a call or voicemail using an artificial or prerecorded voice, (2) by or on behalf of Defendant, (3) to their residential telephone line, (4) and who did not give prior express consent.**

**The TCPA Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received two or more calls or voicemails (2) by or on behalf of Defendant, (3) for the purpose of encouraging the purchase of Defendant's services, (2) after making a request to Defendant to not receive future calls or messages.**

**The FTSA Prerecorded Voice Class: All persons in the State of Florida who, between July 1, 2021, and the date of class certification (1) received a call or voicemail that played a recorded message, (2) by or on behalf of Defendant, (3) and who did not give prior express written consent.**

**The FTSA Autodialer Class: All persons in the State of Florida who, between July 1, 2021, and the date of class certification (1) received a call, (2) by or on behalf of Defendant, (3) regarding Defendant's services (3) using the same equipment or type of equipment utilized to message Plaintiff, (4) and who did not give prior express written consent.**

**The FTSA Internal Do Not Call Class**: All persons in the State of Florida who, between July 1, 2021, and the date of class certification, (1) received a call or voicemail (2) by or on behalf of Defendant, (3) after making a request to not receive future calls.

31.     The Classes defined above are, at times, collectively referred to as, the "Class."

32.     Plaintiff reserves the right to expand or narrow the definitions of the Classes following discovery.

33.     Excluded from the Class is Defendant and its employees and agents.

34.     *Numerosity.* The members of the Class are so numerous that individual joinder is impracticable. Plaintiff cannot know the exact number of Class members affected by Defendant's conduct, but based on the general nature of telemarketing campaigns, Plaintiff believes, and therefore alleges upon information and belief, that each Class includes, at a minimum, at least 40 members. The members of the Class are ascertainable because they are defined by reference to objective criteria. The exact number and identities of the Class members are unknown at this time but can be ascertained through discovery, and identification of the Class members is a matter capable of ministerial determination from Defendant's records.

35.     ***Common questions of law and fact predominate.*** There are numerous questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes, which will produce common answers that will drive resolution of the litigation, and they include, but are not limited to, the following:

a.     Whether Defendant placed calls to Plaintiff and the Class using a prerecorded or artificial voice;

b.     Whether Defendant placed calls to Plaintiff and the Class using an "automated system for the selection or dialing of telephone numbers";

c. Whether Defendant continued to placed calls to Plaintiff and the Class after they opted out;

d. Whether Defendant maintains the "procedures for maintaining a list of persons who request not to receive such calls" that are required by the 47 C.F.R. § 64.1200(d);

e. Whether Defendant's calls constitute "telephone solicitations" under the TCPA;

f. Whether Defendant's calls constitute "telephonic sales calls" under the FTSA;

g. Whether Defendant can meet its burden of showing that it had the requisite consent to place the calls at issue to Plaintiff and the Class;

h. Whether Defendant acted knowingly or willfully;

i. Whether Defendant is liable to Plaintiff and the Class for statutory damages, and the amount of such damages; and

j. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. ***Typicality.*** Plaintiff's claims are typical of the claims of the members of the Class because they are based on the same factual and legal theories, Plaintiff and the Class members were harmed by Defendant in the same way, and Plaintiff is not subject to any unique defenses.

37. ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action. Further, Plaintiff has no interests that are antagonistic to those of the members of the Class.

38. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of

the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the amount of individual damages to each member of the Class resulting from Defendant's wrongful conduct does not warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

## CAUSES OF ACTION

## COUNT 1

### Violation of the TCPA,
### 47 U.S.C. § 227(b)(1)(B)
### (On Behalf of Plaintiff and the TCPA Prerecorded Voice Class)

40.     Plaintiff re-alleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

41.     It is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party[.]" 47 U.S.C. § 227(b)(1)(B)

42.     Further, under 47 C.F.R. § 64.1200(a)(3), "[n]o person or entity may…[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message that includes or introduces an advertisement or constitutes telemarketing without the prior express written consent of the called party[.]"

43. Defendant—or third parties directed by Defendant—transmitted calls using an artificial or prerecorded voice to the residential telephone lines of Plaintiff and the members of the Class.

44. Defendant's calls to Plaintiff and members of the Class introduced an advertisement and constitute telemarketing.

45. Defendant did not have prior express consent or prior express written consent to place such calls Plaintiff and the members of the Class.

46. Therefore, Defendant violated Section 227(b)(1)(B) of the TCPA.

47. Pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the Class members are each entitled to a minimum of $500.00 in statutory damages for each violation of the TCPA.

48. Defendant knew that it did not have consent to place such calls to Plaintiff and the Class and, therefore, Defendant's violations were willful or knowing. Thus, Pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA.

49. Plaintiff and the Class are also entitled to an injunction against Defendant's ongoing and future violations of the TCPA. 47 U.S.C. § 227(b)(3).

## COUNT 2

### Violation of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the TCPA Internal Do Not Call Class)

50. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Count, as though fully set forth herein.

51. Under the FCC regulations promulgated under and actionable through the TCPA:

No person or entity shall ***initiate any call for telemarketing purposes*** to a residential telephone subscriber ***unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive***

***telemarketing calls made by or on behalf of that person or entity***. The procedures instituted must meet the following minimum standards:

> **(1)** ***Written policy***. Persons or entities making…calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> **(2)** ***Training of personnel***. Personnel…engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> **(3)** ***Recording, disclosure of do-not-call requests***. If a person or entity making…any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not- call request. A person or entity making…any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

> \*          \*          \*

> **(6)** ***Maintenance of do-not-call lists.*** A person or entity making…any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d) (emphasis added).

52.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227] may" bring a private action. 47 U.S.C. § 227(c)(5).

53.     Plaintiff and the TCPA Internal DNC Class members made requests to Defendant to not receive future text message solicitations.

54.     Defendant failed to honor Plaintiff's and the Class members' opt-out requests.

55.     Defendant's failure to honor opt-out requests from Plaintiff and the Class members strongly suggests that Defendant does not comply with requirements of Section 64.1200(d) to (1) maintain the required written policies; (2) provide adequate training to its personnel engaged in telemarketing; (3) maintain an internal do-not-call list; and (4) honoring opt-out requests.

56.     Because Defendant does not comply with the requirements of Section 64.1200(d), Defendant violated Section 64.1200(d) every time it "initiate[d] *any call* for telemarketing purposes" (*i.e.* every text message it sent as part of its telemarketing campaign, regardless of whether any recipient made an optout request).

57.     As a result of Defendant's violations of the TCPA, Plaintiff and the other members of the Class were harmed.

58.     Plaintiff and the members of the Class are entitled to an injunction against Defendant's conduct. *See* § 227(c)(5)(A).

59.     Plaintiff and the Class are entitled to an award of statutory damages of $500.00 for each text messages that violates the TCPA. *See* § 227(c)(5)(B).

60.     Because Defendant knew or should have known that it was initiating calls for telemarketing purposes without having the procedures in place to record and honor opt out requests that Section 64.1200(d) requires, Defendant's violations of the TCPA were willful or knowing.

Thus, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each willful or knowing violation of the TCPA. *See* § 227(c)(5)(C).

## COUNT 3

### Violation of the FTSA,
### Fla. Stat. § 501.059(8)(a)
### (On Behalf of Plaintiff and the FTSA Prerecorded Voice Class)

61.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

62.     The FTSA provides that "[a] person may not make or knowingly allow a telephonic sales call to be made if such call involves…the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

63.     "Prior express written consent" means a written agreement that "[c]learly authorizes the person making or allowing the placement of a telephonic sales call by telephone call by telephone call…or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using…the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail." Fla. Stat. § 501.059(1)(g).

64.     Plaintiff is, and at all times relevant was, a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of the telephone number that received Defendant's telephonic sales calls.

65.     Defendant is, and at all times relevant was, a "telephone solicitor" as defined by Section 501.059(1)(i).

66.     Defendant's calls to Plaintiff and the Class promoted "consumer goods or services" as defined by Section 501.059(1)(c).

67. Defendant's calls to Plaintiff and the Class were "telephonic sales calls" as defined by Section 501.059(j).

68. Defendant's calls to Plaintiff and the Class involved the playing of a recorded message.

69. Defendant placed the calls at issue to Plaintiff and the Class in Florida.

70. Defendant did not obtain "prior express written consent" to place the calls at issue to Plaintiff and the Class.

71. Thus, Defendant's calls violate the FTSA, Section 501.059(8)(a).

72. Plaintiff and the Class are entitled to an award of statutory damages of $500 per violation of the FTSA. Fla. Stat. § 501.059(10)(a).

73. Plaintiff and the Class are entitled to an award of statutory damages of $1,500 for each willful or knowing violation of FTSA. Fla. Stat. § 501.059(10)(b).

74. Plaintiff and the Class are also entitled to an injunction against Defendant's ongoing and future violations of the FTSA. Fla. Stat. § 501.059(10)(a).

**COUNT 4**

**Violation of the FTSA,**
**Fla. Stat. § 501.059(8)(a)**
**(On Behalf of Plaintiff and the FTSA Autodialer Class)**

75. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Counts, as if fully set forth herein.

76. The FTSA provides that "[a] person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers…without the prior express written consent of the called party." Fla. Stat. § 501.059(5).

77. "Prior express written consent" means a written agreement that "[c]learly authorizes the person making or allowing the placement of a telephonic sales call by telephone call…or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection and dialing of telephone numbers[.]" Fla. Stat. § 501.059(1)(g).

78. Plaintiff is, and at all times relevant was, a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of the telephone number that received Defendant's telephonic sales calls.

79. Defendant is, and at all times relevant was, a "telephone solicitor" as defined by Section 501.059(1)(i).

80. Defendant's calls to Plaintiff and the Class promoted "consumer goods or services" as defined by Section 501.059(1)(c).

81. Defendant's calls to Plaintiff and the Class were "telephonic sales calls" as defined by Section 501.059(j).

82. Defendant's calls to Plaintiff and the Class were transmitted using an automated system for the selection and dialing of telephone numbers.

83. Defendant placed the calls at issue to Plaintiff and the Class in Florida.

84. Defendant did not obtain "prior express written consent" to place the calls at issue to Plaintiff and the Class.

85. Thus, Defendant's calls violate the FTSA, Section 501.059(8)(a).

86. Plaintiff and the Class are entitled to an award of statutory damages of $500 for each violation of the FTSA. Fla. Stat. § 501.059(10)(a).

87.     Plaintiff and the Class are entitled to an award of statutory damages of $1,500 for each willful or knowing violation of FTSA. Fla. Stat.§ 501.059(10)(b).

88.     Plaintiff and the Class are also entitled to an injunction against Defendant's ongoing and future violations of the FTSA. Fla. Stat. § 501.059(10)(a).

### COUNT 5

**Violation of the FTSA, § 501.059(5)**
**(On Behalf of Plaintiff and the FTSA Internal Do Not Call Class)**

89.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs above, except for the allegations in the preceding Counts, as though fully set forth herein.

90.     The FTSA provides that "[a] telephone solicitor or other person may not initiate an outbound telephone call…or voicemail transmission to a consumer…who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound telephone call…or voicemail transmission…[m]ade by or on behalf of the seller whose goods or services are being offered[.]" Fla. Stat. § 501.059(5).

91.     Plaintiff is, and at all times relevant was, a "called party" as defined by Section 501.059(1)(a) in that Plaintiff was the regular user of the telephone number that received Defendant's telephonic sales calls.

92.     Defendant is, and at all times relevant was, a "telephone solicitor" as defined by Fla. Stat. § 501.059(1)(i).

93.     Defendant's calls to Plaintiff and the Class promoted "consumer goods or services" as defined by Section 501.059(1)(c).

94.     Defendant's calls to Plaintiff and the Class were "telephonic sales calls" as defined by Fla. Stat. Section 501.059(j).

95.     Defendant placed the calls at issue to Plaintiff and the Class from Florida.

96.     Plaintiff and the Class members communicated to Defendant that they do not wish to receive outbound telephone calls or voicemail transmissions from Defendant, but they continued to receive such calls and voicemails from Defendant.

97.     Defendant's continued calls to Plaintiff and the Class members violate Section 501.059(5).

98.     Plaintiff and the Class are entitled to an award of statutory damages of $500 violation of the FTSA. Fla. Stat. § 501.059(10)(a).

99.     Plaintiff and the Class are entitled to an award of statutory damages of $1,500 for each willful or knowing violation of FTSA. Fla. Stat. § 501.059(10)(b).

100.    Plaintiff and the Class are also entitled to an injunction against Defendant's ongoing and future violations of the FTSA. Fla. Stat. § 501.059(10)(a).

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, prays for the following relief:

A.      An Order certifying the Classes, appointing Plaintiff as Class Representative, and Plaintiff's counsel as Class Counsel;

B.      An Order declaring that Defendant's actions alleged herein violate the TCPA and the FTSA;

C.      An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the TCPA, and an award of $1,500 for each violation found to be knowing or willful;

D.      An award to Plaintiff and each member of the Class of statutory damages of $500 for each violation of the FTSA, and an award of $1,500 for each violation found to be knowing or willful;

E.      An award to Plaintiff and the Class of attorneys' fees and the costs of this action;

F.      An injunction against Defendant's ongoing and future violations of law; and

G.      Such further and other relief as the Court deems just and necessary.

Dated: July 17, 2024                              Respectfully submitted,


                                                  */s/ Chris Gold*
                                                  Chris Gold
                                                  Florida Bar No. 088733
                                                  **GOLD LAW, PA**
                                                  350 Lincoln Rd., 2nd Floor
                                                  Miami Beach, FL 33139
                                                  Tel: 561-789-4413
                                                  chris@chrisgoldlaw.com

                                                  *Counsel for Plaintiff and the Proposed*
                                                  *Classes*